## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RONDA A. BALLOU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 25-4051-JWL** |
| ) | |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 13) (Pl. Mot.).    The Commissioner admits that a fee award is proper but argues that the amount requested is unreasonable because an unreasonable amount of time was expended in preparing Plaintiff's Social Security Brief.    The court finds Plaintiff has not met her burden to establish that the amount of time billed in preparation of her Social Security Brief was reasonable.    Therefore, the court PARTIALLY GRANTS Plaintiff's motion for attorney fees for 23.5 hours at the rate of $245.00, resulting in a fee award of $5,757.50 as explained hereinafter.

## I.    Background

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits. (Doc. 1). The Commissioner filed the transcript of record with the court. (Doc. 7). Plaintiff filed her Social Security Brief and the Commissioner confessed error and filed an unopposed motion to remand. (Docs. 8, 10). The court granted the motion and entered judgment remanding the case for a proper evaluation. (Docs. 11, 12). Plaintiff now seeks payment of $7,840.00 for attorney fees pursuant to the EAJA and costs of $455.00. (Pl. Mot. 3).

## II.    Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412, requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. <u>Gilbert v. Shalala</u>, 45 F.3d 1391, 1394 (10th

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

(2)(A) For the purposes of this subsection--

. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee.

28 U.S.C. § 2412.

2

Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact.   Id.   The Commissioner bears the burden to show substantial justification for her position.   Id.; Estate of Smith, 930 F.2d at 1501.   The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.   Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The Commissioner does not argue that the position of the United States was substantially justified.   The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434.   The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended.   Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

III.    **Discussion**

   **A.    Arguments**

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested.   He argues, "approximately 9 pages of the 11-page brief are recycled from a prior opening brief filed by Plaintiff's counsel in another Social Security appeal."   (Doc. 19, p.1) (hereinafter, Comm'r Br.). He acknowledges there is nothing wrong with reusing arguments from an earlier brief but argues such efficiencies should not result in the public fisc being charged for work that

was done in an earlier case.   Id. (citing Amparo v. Comm'r of Social Sec., No. 12-6403, 2014 WL 4678033, at *4-5 (D.N.J. Sept. 18, 2014)).   He argues:

> "[C]ourts have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve a favorable result."   Honeycutt v. Colvin, No. 13-1243, 2016 WL 4000930, at *7 (D. Kan. July 26, 2016) (quotation omitted). Significantly, "[t]he burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel."   Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1210 (10th Cir. 1986).   Rather, "[i]t remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero."   Id.

(Comm'r Br. 2).

The Commissioner argues that after the first two pages, the remaining nine pages of Plaintiff's Social Security Brief "are argument, recycled verbatim (except for minor case-specific details such as pronouns and occupation titles) from a prior submission counsel made in another Social Security matter."   (Comm'r Br. 2-3).   The Commissioner included with his Brief two exhibits consisting of annotated copies of Plaintiff's Social Security Briefs in this case; id. Attach. 1 (Exhibit A); and in the District of Colorado, Case No. 24-3065.   Id. Attach. 2 (Exhibit B).   The Commissioner notes Plaintiff's counsel expended "25.1 hours on the merits when drafting the opening brief in this matter."   Id. 3-4 (citing billing entries for July 2, 3, 8, 9, 11, and 14, 2025).   He argues the only issues addressed in the brief in this case and in the Colorado case are identical, and the arguments were verbatim except for minor case-specific details.   Id. 4.

He argues, "Undoubtedly, it was necessary to review the record to look for additional issues.   And undoubtedly it takes time to rework recycled material.   But here,

4

no additional issues were ultimately culled and the recycled material required little reworking." Id. He points out Plaintiff's brief does not cite record medical evidence, and argues, "the only case-specific citations to the record in the nine pages of argument are citations to the ALJ's decision (see Pl. Br. 3, 4, 6, 7). In sum, the briefing in this matter was not fact-specific or fact-intensive. Rather, all of the arguments are legal in nature and entirely recycled from counsel's prior filing in" the Colorado case. (Comm'r Br. 4-5).

The Commissioner argues Plaintiff's "counsel has not met his burden to show that 25.1 hours were reasonably billed on researching and drafting the opening brief" and the hours should be reduced to provide a more reasonable fee. Id. 5. He cites four cases in which the court found counsel had reused arguments from prior cases and had charged for work done in the earlier case. He noted one case in which the court permitted only 13.9 hours to be charged when counsel billed 28.9 hours (52% reduction) for a brief "that was largely copied verbatim;" Taylor v. Astrue, No. 09-1791, 2011 WL 1752239, at *3 (D. Conn. May 9, 2011); another case in which the court deducted 10 of 25.7 hours (39% reduction) for work on a 41-page memorandum where "at least 25 percent could be considered boilerplate legal authority;" Beck v. Astrue, No. 11-1185, 2013 WL 1296494 at *2-3 (D. Conn. March 26, 2013); and another case wherein the court reduced the hours by half (16 to 8 hours) because the brief "appears to have been copied and pasted from those prepared by her counsel in other cases;" Phillips v. Colvin, No. 14-935, 2016 WL 2758250, at *5-6 (C.D. Cal. May 12, 2016). The fourth case was one in which the court

found the EAJA Reply brief "substantially identical" to one in an earlier case and reduced the 8.5 hours billed to 2 hours (76% reduction).   Nguyen v. O'Malley, No. 16-1535, 2024 WL 4864189, at *8 (S.D. Cal. Nov. 19, 2024).

The Commissioner asks the court to reduce the hours expended on the opening brief by 10 hours (a 40% reduction).   (Comm'r Br. 6).   He argues, "A total of 15.1 hours would be more reasonable here for record review, elimination of issues, drafting the two pages of facts, and reworking the nine pages of argument.   Accordingly, at most, the Court should award $5,684.00 (representing compensation for a total of 23.2 hours at $245.00 per hour)."   Id. 7.   Finally, the Commissioner argues, "Should the Court [sic] find the Commissioner's objection's herein well-taken, the Court [sic] should decline to award fees to Plaintiff for EAJA reply briefing."   Id.

In Reply Plaintiff argues, "The sole issue SSA [(Social Security Administration)] has raised is the amount of hours expended reviewing the transcript and researching and writing the brief," and no other issues were raised in the Commissioner's Brief and are, therefore, waived.   (Doc. 20, p.1) (hereinafter Reply).   She continues,

> SSA may view the pro hac vice (PHV) cost as being at issue.   However, SSA has waived, or at least forfeited, the issue and so it is not before the Court [sic].   SSA offers no substantive argument on this issue in the body of its brief to explain why PHV costs should be denied (SSA EAJA Resp. 8, n.2).   An issue noted only in passing in a footnote is surrendered.   See, e.g., Tejada-Batista v. Morales, 424 F.3d 97, 103 (1st Cir. 2005) (stressing that a party waives or forfeits any argument not seriously developed in its brief).   Even in the footnote, SSA offers no argument why this cost should not be reimbursed (SSA EAJA Resp. 8, n.2).   In fact, our firm has routinely been reimbursed PHV costs in this jurisdiction and throughout the Tenth Circuit.

6

(Reply 2).   She argues PHV costs are expressly allowed because the EAJA allows such costs "[e]xcept as otherwise specifically <u>prohibited by statute</u>[.]"   <u>Id.</u> (quoting 28 U.S.C. § 2412(a)(1) (emphasis added by Plaintiff).

Plaintiff vehemently objects to the Commissioner's request to reduce the time billed in reviewing the record and preparing Plaintiff's Social Security Brief by 40%, "Our firm has been practicing appellate disability law at an elite level for nearly 20 years. In that time and after having won thousands of such appeals in every court in this nation, we have previously seen such a draconian reduction request from SSA only once." (Reply 2).   Plaintiff cites six court cases for the proposition that "[e]xpending 40 hours winning a disability appeal is utterly routine;" <u>id.</u>, 2-3; and argues that Plaintiff's request for 32.0 hours, "alone shows that the hours sought for compensation are reasonable."   <u>Id.</u> 3.   She argues that the Commissioner missed the fact counsel's firm "'did not represent [the claimant] at the administrative level and therefore required more time to become familiar with the case.'   <u>See</u> <u>Chang</u>,[2] at *1-2 (awarding 52.0 hours of EAJA fees to our firm while rejecting a similar argument from SSA)."   <u>Id.</u> at 4.   Plaintiff argues that by seeking 10 hours reduction in the hours researching and preparing the initial brief, the Commissioner is suggesting Plaintiff should not have researched the record and determined which arguments to present.   <u>Id.</u>

---

[2] Plaintiff cited <u>Chang</u> three times in her Reply but never provided a full citation.

Plaintiff claims the Commissioner equates the Colorado case and this case and argues they are different in that the Commissioner sought remand in this case whereas in the Colorado case he defended the ALJ's decision.   She argues,

> The fact that we convinced SSA to agree to a remand here based on our opening brief speaks both to the quality of the appellate representation we offered and the differences between the instant matter and [the Colorado case].   The subtle differences between the briefs which SSA blows past obviously were crucial as they produced a voluntary remand here, unlike in [the Colorado case].

(Reply 5).

Plaintiff argues the first three block billing entries upon which the Commissioner basis his argument, July 2, July 3, and July 8 "are for record review and not the drafting of the brief."   Id.   She argues, "For SSA to pretend that the record in this case and [the Colorado case] were the same is absolutely false.   There is no legitimate basis whatsoever for attacking the time expended reviewing the transcript of record in this case because it was in no way whatsoever like the transcript of record in [the Colorado case]." Id. at 6.   She argues the entries for preparing the brief total only 8.4 hours and a reduction of 40% would only eliminate 3.4 hours.   Id.

Plaintiff then gets into the specific arguments made in each case and argues "there is almost an infinite variety of reasoning level conflict arguments."   Id.   She argues this case "was a far riskier appeal" than the Colorado case because "the occupations at issue here were exclusively reasoning level 2 whereas the key occupation in [the Colorado case] was reasoning level 3."   Id. 6-7.   Plaintiff argues that Social Security Ruling

8

(SSR) 24-3p has rescinded and replaced SSR 00-4p and is being used by the

Commissioner to increase his use of harmless error argument.   She therefore concludes.

"With any understanding of the nuances of disability law, SSA's unduly facile portrayal

of this appeal and the issues involved crumbles."   (Reply 7).   She points out that in the

Colorado case counsel made an argument regarding the reliability of the vocational

expert's (VE's) testimony which counsel here decided is counter-productive because the

agency tends to defend such cases.   Id.   She argues the decision not to argue VE

reliability was helpful here because the agency sought remand which "saved Ms. Ballou

not only months of delay that would have been caused waiting for a decision had SSA

defended, it also eliminated entirely the risk that she would not win her appeal."   Id. 8.

She concluded:

> Such a careful tailoring of similar but differing argument, with even better
> results, is an example of exceptional lawyering. … We offer elite level
> appellate representation and one could hardly find a more clear example of
> that than this particular case.   Strategic decisions like these on disability
> appeals are highly nuanced and take time to research and contemplate.
> SSA misses all of this.

Id.

Plaintiff argues that counsel's research of the record in this case revealed "multiple

additional substantive errors" but counsel made a strategic decision to focus on "one

central point.   The consideration and exclusion from argument of certain issues provides

a valuable service to this Court [sic] and is compensable."   Id.

Counsel for Plaintiff objects to the Commissioner's footnote which stated, "While the parties were unable to reach an agreement upon conferral (Doc. 13 at 3), counsel for the Commissioner made good-faith efforts to negotiate a fee stipulation." (Comm'r Br. 8, n.1). Plaintiff's counsel argues:

> This footnote seeks to leave the inaccurate impression that only counsel for SSA attempted to engage in good faith efforts to negotiate a fee stipulation. This is untrue. To begin with, it was Plaintiff's counsel, and not counsel for SSA, who initiated fee negotiations before any EAJA motion had even been filed. Even before doing so, Plaintiff's counsel had voluntarily reduced the number of hours sought for EAJA compensation and sought no EAJA compensation at all for the time expended by local counsel. Further, SSA offered a markedly lower amount to Plaintiff than SSA even suggests should be awarded in a worst case scenario based on its EAJA Response. In 20 years of litigating on behalf of disability claimants and in 11 years before that as an attorney for SSA/OGC, lead counsel has never previously experienced SSA offering less in negotiations than what the Agency says should be awarded in its EAJA Response the [sic] Court [sic]. The converse is routine. However, what has happened here is unprecedented in the many thousands of prior cases lead counsel has handled. It does not seem like good faith at all.

(Reply 10).

Plaintiff's counsel seeks 2.5 hours billed for 4.9 hours work on his EAJA Reply brief. Id. 11. He argues,

> Our firm frankly despises litigating over EAJA fees. We much prefer to spend our time in federal court overturning ALJ decisions that save the lives of desperately poor and sick people. That is why we settle in excess of 95% of these EAJA matters without the need for any adversarial litigation. In fact, this is the first case in this District and one less than a handful in the past 20 years within the Tenth Circuit where we have ever adversarially litigated an EAJA fee matter.
>
> SSA's insistence on a near 40% reduction in the EAJA hours expended reviewing the transcript and briefing the case was simply too much. That

> is especially so when SSA's points in opposition are so weak.   Litigation
> was therefore required.   Plaintiff is entitled to seek fees on fees.   The
> hours spent litigating such fee matters are in fact compensable.   [Comm'r,
> INS v.]Jean, 496 U.S. [154,] 157 [(1990)].   The Agency cannot needlessly
> take such an aggressive posture in opposing an attorney fee motion and
> then bemoan a vigorous reply from the claimant.

(Reply 11) (citing City of Riverside v. Rivera, 477 U.S. 561, 580 n.11 (1986) ("The

government cannot litigate tenaciously and then be heard to complain about the time

necessarily spent by the plaintiff in response")).

### B.    Analysis

The Commissioner's sole argument for reducing Plaintiff's EAJA fee request is

that "approximately 9 pages of [Plaintiff's] 11-page brief are recycled from a prior

opening brief filed by Plaintiff's counsel in another Social Security appeals [sic]."

(Comm'r Br. 1).   In his six pages of argument in this regard he acknowledges there is

nothing wrong with reusing previously produced work product, but argues the only time

properly billed in the current case is the time spent preparing this case—not the time

spent in the earlier case developing that material.   He acknowledges it was necessary to

review the record and identify additional issues, and to rework the recycled material to fit

the current case but he notes that brief in this case was neither fact-specific nor fact-

intensive, the recycled material cited only to the ALJ's decision, all the arguments are

legal in nature, and all legal authorities relied upon were also cited in the Colorado case.

The Commissioner then cited cases wherein the courts noted the plaintiff's counsel had

reused arguments from earlier cases and appeared to have billed hours for the work done

11

in the earlier cases and the court had reduced the hours billed by 39% to 75%. (supra 5-6). He argues the hours billed for preparing Plaintiff's brief should be reduced by 10 hours from 25.1 hours to 15.1 hours (a 40% reduction).

In her Reply, Plaintiff argues the Commissioner's requested 10-hour reduction is a "draconian" reduction which she has seen only one other time in 20 years "practicing appellate disability law at an elite level" and "having won thousands of such appeals in every court in this nation." (Reply 2). She argues the hours billed here are not outside the norm of 30-40 hours commonly approved in disability appeals. Id. 2-3 (citing cases from the 6th, 8th, and 9th Circuits, and district courts in North Dakota, Wisconsin, and California). She argues the fact only 32.0 hours were billed "alone shows that the hours sought for compensation are reasonable." Id. 3. Plaintiff argues the differences between the Colorado case and the current case are justification for the time spent preparing Plaintiff's brief in this case. Id. 4-9. Counter to Plaintiff's argument, the briefing in the Colorado case was already done, and despite being aware of the differences counsel recycled nine pages of the arguments in the Colorado case "verbatim (except for minor case-specific details such as pronouns and occupation titles)." (Comm'r Br. 2). Thus, the differences are irrelevant to the arguments reused here.

In her one relevant and cogent argument Plaintiff argues that the billing entries for July 2nd, 3rd, and 8th (totaling 15.7 hours) involved "record review and not the drafting of the brief." (Reply 5). However, the July 3 billing entry states, "Continue trans review and start outline for opening brief," and the July 8 entry states "Finish trans

12

review and <u>opening brief outline</u>, <u>write non-arg[ument] sec[tion]s of brief</u>."  (Pl. Br.,

Attach. 1, p.2) (emphases added).   Clearly these two entries involve drafting of the brief

along with other activities.   Counsel chose to block-bill his time, and while that is

acceptable, the inability to discern the amount of time billed for each task performed

during the block-billed period is chargeable to counsel.   Likely, the fact the July 2 billing

time is ambiguous and the other two entries are inexact is at least part of the reason the

Commissioner chose to seek only a 40% reduction in preparation time for the brief.

Plaintiff also argues the Commissioner "ignores the fact that counsel has already

exercised billing discretion in not seeking EAJA fees for all of the time expended

winning this appeal.   Such self-imposed reductions should be viewed favorably by

reviewing courts."  (Reply 9).   As counsel's argument suggests, in his Statement of

Time Expended, he explained, "in an exercise of billing discretion, Plaintiff will seek

EAJA compensation for only 32.0 of the [33.2] hours actually expended winning this

appeal."  (Pl. Br., Attach. 1, p.3).   Counsel has thereby trivialized the hours billed in this

case for research and writing previously performed in another case by seeking to offset it

by 1.2 hours of generous billing discretion.

Counsel's argument regarding time billed for researching and reviewing the case

record would have fared better with the court had he admitted the work of researching

and writing the arguments covering nine pages of his brief was in fact done in an earlier

case and the time billed in this case should be reduced, but had argued it should not be

reduced by as much as the Commissioner suggested.   Instead, counsel deflected from the

13

real issue presented by the Commissioner by arguing for the expertise, quality, and diligence of his elite firm in representing clients nationwide in Social Security disability appeals; by engaging in hyperbole in his arguments; and by addressing issues and nuances irrelevant to the issue at hand.

The Commissioner argues time for preparing Plaintiff's reply brief on EAJA issues should not be allowed and Plaintiff argues fees should be allowed because the agency needlessly took an aggressive posture and hours spent litigating such matters are fully compensable.   Counsel argues he expended 4.9 hours in preparing his reply brief but only seeks 2.5 hours to be compensated.   The court will allow some fees for the EAJA reply brief because counsel did make an argument regarding billing for the hours preparing the Social Security brief as discussed above.   However, because most of the EAJA reply brief contained irrelevant deflection, the court allows only 1.5 hours.

Finally, the court denies reimbursement of the $50 Pro Hoc Vice fee as part of reimbursable costs of this case.   Although Plaintiff claims the Commissioner has waived this issue, reimbursable court costs are a matter for the court to decide, not the parties. PHV fees are in the nature of overhead costs for a law practitioner, such as Bar fees, rent, or electricity and are recoverable in the same manner—as part of the amount a practitioner bills for his services not as court costs associated with each case.

Plaintiff's suggestion that the EAJA allows PHV reimbursement as costs "[e]xcept as otherwise specifically prohibited by statute" does not require a different result. (Reply 2) (quoting 28 U.S.C. § 2412(a)(1) (emphasis in Plaintiff's reply)).   Plaintiff's

14

quotation of the statue ignores the qualifications the statute requires for the award of costs.   The statue explains, "Except as otherwise specifically provided by statute, a judgment for costs, <u>as enumerated in section 1920 of this title,</u> but <u>not including the fees and expenses of attorneys,</u> may be awarded to a prevailing party …"   28 U.S.C. § 2412(a)(1) (emphases added).   Fees and expenses of attorneys are specifically excluded from costs, and 28 U.S.C. § 1920's enumeration of costs does not include PHV fees as taxable costs.   It does include "Docket fees under section 1923 of this title," 28 U.S.C. § 1920(5), but 28 U.S.C.§ 1923 also does not authorize payment of PHV fees as court costs.   Plaintiff argues that PHV costs "are awarded routinely in SSA disability cases."   (Reply 2).   However, she cites no case law (especially not binding case law from the Tenth Circuit or persuasive case law from the District of Kansas) for her off-hand suggestion, and in the face of this statutory authority the court will not do counsel's research for him.

Plaintiff requested fees for 32.0 hours at $245.00 per hour, The court grants the Commissioner's request to reduce the time for preparing Plaintiff's initial brief by 10 hours and allows 1.5 hours for Plaintiff's reply brief.   Therefore, it will grant Plaintiff's motion for fees to the extent of $5,757.50 (23.5 X $245.00).   The court will also provide for the reimbursement of costs in the amount of $405.00 for Plaintiff's filing fee.

**IT IS THEREFORE ORDERED** that "Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 13) shall be GRANTED in part and DENIED in part, and that attorney fees be awarded in the sum of $5,757.50.

**IT IS FURTHER ORDERED** that costs shall be reimbursed in the amount of $405.00.

Dated this 21st day of January 2026, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**